**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 7/26/96**

JOHN L.D. FRAZIER, NANCY F.
FRAZIER,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 95-9000
(D.C. No. 704-92)
(Commissioner of Internal Revenue)

**ORDER**

Before **BRORBY, McWILLIAMS** and **LUCERO**, Circuit Judges.

Appellee Commissioner of Internal Revenue petitioned for panel rehearing concerning our treatment of Tax Court Issue 138 in this case. See Frazier v. Commissioner of Internal Revenue, No. 95-9000, 1996 WL 229181, at *3 (10th Cir. May 7, 1996). We granted rehearing and now alter our judgment.

With respect to Issue 138, the Tax Court made an adjustment of $533.09 for 1989, and an adjustment of $587.82 for 1990. T.C.M. 1994-358 at 54. A footnote referring to the latter total explained, "[t]his amount represents the costs of three luncheons involving the Salvation Army, which held the meetings at FSB as a convenience to petitioner.

There is no factual information that this meeting had a FSB business connection." Id. at n.28. Because the expenses listed in the parties' stipulation of facts included items other than Salvation Army luncheons, and because the total cost of the Salvation Army luncheons did not correspond to the total of the adjustments, we concluded that the Tax Court had erred in calculating this adjustment. We remanded.

The Commissioner asserts the following explanation for the 1989 and 1990 totals: (1) the $533.09 total for 1989 reflected all of the items to which the parties stipulated for that year within Issue 138 (one of which was a Salvation Army lunch and the remainder of which fell into categories which the Tax Court determined, elsewhere in its opinion, to be constructive dividends); and (2) the $587.82 total for 1990 reflected only three Salvation Army luncheons and not the other item listed under Issue 138 for that year (an expense for which FSB had been reimbursed by a third party). Apparently, the footnote quoted above referred only to the 1990 total, and not the 1989 total.

Taxpayers do not challenge the Commissioner's version of the facts or his math. However, they urge this Court to deny rehearing on the basis that the parties had stipulated that all of the Issue 138 expenses were to be attributed to 1990. They claim that "[t]he government should not be allowed to ignore the Stipulation of Facts and have the Court move [part of] the adjustment from the year 1990 to the year 1989 since this was not the year stipulated." Response at 3. To the extent that the Tax Court erred in this respect, we find such error harmless.

We find merit in the Commissioner's contentions. Accordingly, we VACATE the portion of our order addressing Tax Court Issue 138, and no longer find it necessary to remand. We now AFFIRM in all respects.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge